


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARK B. FIEDELHOLTZ and JULIE FIEDELHOLTZ, individual and as co-personal representatives of the Estate of deceased minor, Jeremy Fiedelholtz

Plaintiffs,

v.

CASE NO. 98- 6880

CIV-HIGHSMITH

GRACO CHILDREN'S PRODUCTS INC. a Delaware Corporation, and BROWARD COUNTY

Defendants.

MAGISTRATE JUDGE JOHNSON

______________________________/

**NOTICE OF REMOVAL**

Notice is hereby given pursuant to 28 U.S.C. §1446(d) that the above styled case has been removed to the United States District Court for the Southern District of Florida, and that the Circuit Court of the 17th Judicial District for Broward County, Florida is to proceed no further therein.

Attached to this Notice is a copy of the Notice of Removal which this day has been filed with the United States District Court.

This 20th day of August, 1998.

Respectfully submitted,

CHAMBLISS, BAHNER & STOPHEL, P.C.

By:______________________________

F. Laurens Brock
(Fla. Bar #299431)
1000 Tallan Building
Two Union Square
Chattanooga, Tennessee 37402-2502
Telephone: (423) 756-3000

OF COUNSEL:

Gustavo D. Lage
RUMBERGER, KIRK & CALDWELL, P.A.
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3100
Miami, FL 33131
Telephone: (305) 358-5577

Attorneys for Removing Party

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that an original of Graco's Notice of Removal has been furnished by U.S. Mail to Malcolm H. Kahl, Esquire, O'Neil & Kahl, Suite 702, Barnett Bank Tower, 2929 E. Commercial Blvd., Ft. Lauderdale, Florida 33308 on this 20th day of August, 1998.

F. Laurens Brock

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

CASE NO. 98011552

MARK B. FIEDELHOLTZ and
JULIE FIEDELHOLTZ, individual and
as co-personal representatives
of the Estate of deceased minor,
Jeremy Fiedelholtz

Plaintiffs,

v.

GRACO CHILDREN'S PRODUCTS INC.
a Delaware Corporation, and
BROWARD COUNTY

Defendants.
_______________________________________/

**NOTICE OF REMOVAL**

TO: The Honorable Judges
United States District Court for the
Middle District of Florida, Orlando

Defendant, Graco Children's Products Inc. ("Graco"), by its undersigned attorneys, hereby files Notice of Removal of this action to this Court pursuant to 28 U.S.C. § 1332, 1441 and 1446 and respectfully shows this Court the following:

1. On or about July 15, 1998, the above-entitled action was commenced against Graco and Broward County in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 98011552, styled Mark B. Fiedelholtz and Julie Fiedelholtz, individual and as co-personal representatives of the Estate of deceased minor,

Jeremy Fiedelholtz v. Graco Children's Products Inc., a Delaware Corporation, and Broward County, and is now pending therein.

2. Copies of the pleadings comprising collective Exhibit A were filed with the Secretary of State for the State of Florida on July 17, 1998 and served upon Graco on July 27, 1998 via Process Server, which was the first day Graco, or its attorneys had notice of the filing of the suit.

3. The action described in Paragraph 1, above, is a civil action for a wrongful death of an infant allegedly caused by a defective loose fitted sheet supplied by the Graco with the Pack 'N Play which Plaintiffs allege caused their infant, Jeremy Fiedelholtz, to suffocate until dead.

4. Plaintiffs have alleged Graco is liable under the theories of strict liability and negligence. Plaintiffs also allege that Broward County is liable under the theories of negligence and negligent retention and suspension.

5. Graco was at the time this action was commenced, and still is, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Elverson, Chester County, Pennsylvania.

6. Defendant, Broward County, is a governmental entity of the state of Florida which is entitled to immunity under F.S.A. § 768.28 for the allegations set forth in Plaintiffs' Complaint. See, Guerette v. Zierer U.S.A., Inc., 698 So.2d 637 (Fla. Dist. Ct. App. 1997); Trianon Park Condominium Assoc. Inc. v. City of Hialeah, 468 So. 2d 912 (Fla. 1985) (city not liable to individual owners of condominiums for damages allegedly arising out of negligent actions of city building inspectors); Johnson v. Collier Co., 468 So.2d 249 (Fla. Dist. Ct. App. 1985) (county immune from suit by wife for alleged

negligence in inspection construction site where county did not design, construct, own, operate or maintain temporary service pole).

7. Plaintiff was at the time this action was commenced, and still is, a resident of the State of Florida.

8. Plaintiffs have fraudulently joined Broward County as a Defendant in this case to prevent removal to this Court because they cannot maintain a cause of action against Broward County. A plaintiff cannot join a resident defendant in order to deprive a non-resident of the right to remove the action to federal court. Cheves v. Gips, 1994 WL 682545 *2 (M.D. Fla. 1994). See also, Coker v. Amoco Oil Co., 709 F.2d 1433, 1439 (Ala. 11th Cir. 1983); Covington v. Indemnity Ins. Co. of North America, 251 F.2d 930 (5th Cir. 1958).

9. Plaintiffs have alleged that as a direct and proximate result of the death of the infant, Jeremy Fiedelholtz, they have incurred or will incur, loss of support and services with interest; future loss of support and services of Jeremy Fiedelholtz; mental pain and suffering from January 29, 1997 as the result of the death of Jeremy Fiedelholtz; and funeral and burial expenses.

10. Plaintiffs have alleged the damages are in excess of $15,000 and a fair reading of the complaint demonstrates that the damages claimed exceed the sum of $75,000. Therefore, the amount in controversy requirement is met to establish diversity. See Richman v. Zimmer, 644 F. Supp. 540, 542 (S.D. Fla. 1986); Kliebert v. Upjohn Co., 915 F.2d 142, 147 (5th Cir. 1990).

11. This Court has original jurisdiction under the provisions of 28 U.S.C. §1332. The action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441 because it is a civil action wherein the matter in controversy exceeds the sum

or value of $75,000 exclusive of interest and cost, and is between citizens of different states.

12. Copies of the Complaint and Summons which constitute all process and pleadings served upon Removing Party in the state court action, are attached to this petition as collective Exhibit A. No further proceedings have taken place in this action filed by Plaintiff.

13. This Notice is filed with this Court within thirty days after service of the Summons and Complaint on Graco.

WHEREFORE, Graco prays that this action be removed to this Court from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

This 20th day of August, 1998.

Respectfully submitted,

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: ______________________

F. Laurens Brock
(Fla. Bar #299431)
1000 Tallan Building
Two Union Square
Chattanooga, TN 37402-2502
Telephone: (423) 756-3000

OF COUNSEL:

Gustavo D. Lage
RUMBERGER, KIRK & CALDWELL, P.A.
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3100
Miami, FL 33131
Telephone: (305) 358-5577

Attorneys for Removing Party

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that an original of Graco's Notice of Removal has been furnished by U.S. Mail to Malcolm H. Kahl, Esquire, O'Neil & Kahl, Suite 702, Barnett Bank Tower, 2929 E. Commercial Blvd., Ft. Lauderdale, Florida 33308 on this 20th day of August, 1998.

F. Laurens Brock


CT System

## Service of Process Transmittal Form

Wilmington,Delaware

07/27/1998

Via Federal Express (2nd Day)

RECEIVED

JUL 29 1998

RUBBERMAID INCORPORATED LAW DEPT.

TO: Martin Degnan
Rubbermaid Incorporated
1147 Akron Road
Wooster, OH 44691-6000

RE: **PROCESS SERVED IN DELAWARE**

FOR GRACO CHILDREN'S PRODUCTS INC.. Domestic State: Dc

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION: Mark B. Fiedelholtz, et al. Pltf. vs Graco Children's Products, Inc., and Broward County, Defts.

2. DOCUMENT(S) SERVED: Summons, Complaint, Exhibits

3. COURT: In the Circuit Court of the 17th Judicial Circuit, In and For Broward County, Florida
Case Number 98011552

4. NATURE OF ACTION: wrongful death, due to defendants negligence

5. ON WHOM PROCESS WAS SERVED: The Corporation Trust Company, Wilmington, Delaware

6. DATE AND HOUR OF SERVICE: By Process server on 07/27/1998 at 10:45

7. APPEARANCE OR ANSWER DUE: Within 20 days after service

8. ATTORNEY(S): Malcolm H. Kahl, Esq.
O'Neil & Kahl
Ste. 702, BArnett Bank Tower
2929 E. Commercial Boulevard
Fort Lauderdale, FL 33308

9. REMARKS:

SIGNED CT Corporation System

PER Joanne A. Santiago /JH

ADDRESS 1209 Orange Street
Wilmington, DE 19801
SOP WS 0001924879

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

EXHIBIT A



IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

CASE NO. 98011552

MARK B. FIEDELHOLTZ and JULIE FIEDELHOLTZ, individually and as co-personal representatives of the Estate of deceased minor, JEREMY FIEDELHOLTZ,

Plaintiff,

-vs-

GRACO CHILDREN'S PRODUCTS, INC. a Delaware Corporation, and BROWARD COUNTY,

Defendants.
_______________________________/

**SUMMONS**



THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in this action on defendant:

Defendant, Graco Children's Products, Inc.
Corporation Trust Company
Corporate Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney, whose address is:

MALCOLM H. KAHL, ESQUIRE
O'NEIL & KAHL
Ste. 702, Barnett Bank Tower
2929 E. Commercial Boulevard
Fort Lauderdale, FL 33308
(954) 771-9501

within twenty (20) days after service of this Summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before

service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the Seal of said Court JUL 17 1998

ROBERT E. LOCKWOOD
As Clerk of said Court

By: PASHETTA BLUE
Deputy Clerk

A TRUE COPY
Circuit Court Seal

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

MARK B. FIEDELHOLTZ and JULIE FIEDELHOLTZ, individually and as co-personal representatives of the Estate of deceased minor, JEREMY FIEDELHOLTZ,

Plaintiff,

-vs-

GRACO CHILDREN'S PRODUCTS, INC. a Delaware Corporation, and BROWARD COUNTY,

Defendants.
_______________________________/

GENERAL CIVIL DIVISION

CASE NO. ____________ CC911552

COMPLAINT

11

Plaintiffs, MARK B. FIEDELHOLTZ and JULIE FIEDELHOLTZ, individually and as co-personal representatives of the Estate of deceased minor, JEREMY FIEDELHOLTZ, sue Defendants, GRACO CHILDREN'S PRODUCTS, INC. (hereinafter "GRACO"), a Delaware Corporation, and BROWARD COUNTY, and allege:

COPY JUL 17 1998

GENERAL ALLEGATIONS

1. This is an action for damages pursuant to the Florida Wrongful Death Act, FS § 768.16-768.27, that exceeds $15,000.00, exclusive of interest, costs, and attorneys fees, and the Court has jurisdiction over the parties and subject matter.

2. At all times material, Plaintiffs have resided as husband and wife in Broward County, Florida, and are sui juris.

3. Plaintiffs are the personal representatives for JEREMY FIEDELHOLTZ referred to herein as decedent, who died as a result of the occurrence on January 29, 1997. On September 17, 1997, Plaintiffs were granted Letters of Administration

of decedent's estate by the Circuit Court of Broward County, Florida. A copy of Plaintiffs' Letters of Administration is attached as Exhibit "A". Plaintiffs are authorized pursuant to the Florida Wrongful Death Act to bring this wrongful death action against Defendants on behalf of decedent's survivors and on behalf of decedent's estate. The potential beneficiaries of a recovery in this wrongful death action, and their relationship to decedent are as follows: Mark B. Fiedelholtz , father; Julie Fiedelholtz, mother.

4. Defendant, BROWARD COUNTY, is authorized and existing under the laws of the State of Florida.

5. Pursuant to FS § 768.28 (6) (a), notice of the injuries described herein was provided to Defendant, BROWARD COUNTY, and to the Department of Insurance on July 23, 1997. A copy of the notice is attached as Exhibit "B". To date, neither defendant, BROWARD COUNTY nor the Department of Insurance has made a final disposition of Plaintiff's claim. Therefore, Plaintiff's claim is deemed denied for purposes of the notice requirements imposed by the Florida Tort Claims Act, FS § 768.28.

6. At all times material, Defendant, GRACO, was a foreign corporation authorized and doing business in the State of Florida. The Defendant operates, conducts, engages in or carries on business ventures including sales, solicitation and service activities in Broward County, Florida.

7. At all times material, Defendant, GRACO, was in the business of manufacturing, assembling, distributing and/or selling children's cribs, including a certain Graco 870 ST Series crib, Model #9040 STJN, Serial #049601906. The Defendant supplied a fitted sheet to be used on the mattress in the said crib.

8. On or about January 29, 1997, JEREMY FIEDELHOLTZ, was placed

in the subject crib and was later found deceased therein, having suffocated on the defective loose-fitted sheet supplied by Defendant, GRACO.

9. Defendant, GRACO's, crib and sheet were used within Broward County, Florida in the ordinary course of commerce, trade or use without alteration, in the ordinary use intended, and such use resulted in the death of the minor decedent, JEREMY FIEDELHOLTZ.

COUNT I
GRACO-STRICT LIABILITY

(Paragraphs 1 through 9 are realleged and reaverred as though fully set forth herein.)

10. Defendant, GRACO, manufactured, distributed, and/or sold the subject crib and fitted sheet in a defective condition which was unreasonably dangerous to any user including the deceased minor, JEREMY FIEDELHOLTZ. The said crib and fitted sheet were unreasonably dangerous because of their design characteristics, use of inappropriate materials, manufacturing and/or design defects, propensity to suffocate infant children, and any other reasons which may be learned through discovery.

11. The deceased minor, JEREMY FIEDELHOLTZ, was a foreseeable user of the subject crib and fitted sheet and the said crib and sheet were being used for their intended purpose in an intended manner at the time of the decedent's death.

12. The subject crib and fitted sheet were transferred from the possession of the Defendant, GRACO, in a defective condition without adequate inspection for defects.

13. The said fitted sheet was defective because it was too large for the mattress that it covered; and/or the mattress which was sold with the crib was too small for the fitted sheet that was supplied by Defendant, GRACO. As a result, there was excess

material in the sheet which bunched up and caused the asphyxiation death of the minor decedent.

14. As a direct and proximate result of the abovedescribed product defect, and the resulting death of JEREMY FIEDELHOLTZ, a minor, Plaintiffs, MARK FIEDELHOLTZ AND JULIE FIEDELHOLTZ, have suffered in the past and will continue to suffer in the future the following damages:

a. Loss of support and services with interest;
b. Future loss of support and services of Jeremy Fiedelholtz;
c. Mental pain and suffering from January 29, 1997, as a result of the death of Jeremy Fiedelholtz;
d. Funeral and burial expenses.

WHEREFORE, Plaintiffs demand judgment against Defendant, GRACO CHILDREN'S PRODUCTS, INC., for damages, costs, and any other and further relief which the Court may deem appropriate, and demand trial by jury of all issues so triable as a matter of right.

## COUNT II
## GRACO-NEGLIGENCE

(Paragraphs 1 through 9 are realleged and reaverred as though fully set forth herein.)

15. At all times material, Defendant, GRACO, owed a duty to the Plaintiffs to design, manufacture, assemble, inspect and/or test the subject crib and fitted sheet in such a manner and in the exercise of reasonable care so as to prevent the suffocation of infants, specifically the deceased minor, JEREMY FIEDELHOLTZ; and had a duty to warn all consumers and intended users, including the Plaintiffs, of all defects of which they knew or should have known in the exercise of ordinary care would make the subject crib and fitted sheet unreasonably dangerous to use.

16. Defendant, GRACO, breached its duty to the Plaintiffs by committing the following negligent acts and/or omissions:

a. Failure to use due care in designing, manufacturing, assembling, and/or installing the subject crib and/or its component parts including the fitted sheet, causing a hazardous and dangerous condition for infant users including the deceased minor, JEREMY FIEDELHOLTZ;

b. Failure to use due care in testing and/or inspecting the subject crib and/or its component parts including the fitted sheet, for their functionability for the purpose for which they were intended;

c. Failure to perform reasonable tests and/or inspections to discover the defective, dangerous, and hazardous condition of the subject crib and fitted sheet relating to the suffocation of the deceased minor, JEREMY FIEDELHOLTZ, before placing the crib and sheet into the stream of commerce;

d. Allowing the subject crib and fitted sheet to be manufactured in such a way as to readily provide a dangerous and hazardous suffocating condition which the Defendant knew or should have known existed;

e. Failure to warn the Plaintiff of said defective, dangerous and hazardous condition of which Defendant knew or should have known through the exercise of reasonable care.

17. At all times material, Defendant, GRACO, knew or should have known that exposing users including the deceased minor, JEREMY FIEDELHOLTZ, to the dangerous, defective and hazardous condition existing in the subject crib and fitted sheet would give rise to injury and/or death to such users including the deceased minor, JEREMY FIEDELHOLTZ.

18. As a direct and proximate result of the abovedescribed product defect, and the resulting death of JEREMY FIEDELHOLTZ, a minor, Plaintiffs, MARK FIEDELHOLTZ AND JULIE FIEDELHOLTZ, have suffered in the past and will continue to suffer in the future the following damages:

a. Loss of support and services with interest;
b. Future loss of support and services of Jeremy Fiedelholtz;
c. Mental pain and suffering from January 29, 1997, as a result of the death of Jeremy Fiedelholtz;
d. Funeral and burial expenses.

WHEREFORE, Plaintiffs demand judgment against Defendant, GRACO CHILDREN'S PRODUCTS, INC., for damages, costs, and any other and further relief which the Court may deem appropriate, and demand trial by jury of all issues so triable as a matter of right.

COUNT III
BROWARD COUNTY - NEGLIGENCE

(Paragraphs 1 through 9 are realleged and reaverred as though fully set forth herein.)

19. On January 29, 1997, at the time Mrs. Fiederholtz left her son at the Schwartzberg daycare facility, there were 12 other children being taken care of on the premises. Only Mrs. Schwartzberg and her substitute assistant were present to provide care.

20. On January 6, 1997, the premises had been inspected by Broward County inspector, Maxine Brown. That inspection took a total of 25 minutes. All prior inspections had taken at least an hour. At that time, there were 9 children being taken care of by 2 adults which was a code violation. The inspection failed to enforce the licensing requirements for daycare centers which provide that children of the daycare operator must be counted in the calculation of all ratios of children to daycare providers.

21. In the subsequent investigation conducted by the Broward County Bureau of Children's Services on January 30, 1997, it was determined that the substitute assistant, Cheryl Lavigne, was unqualified in that her CPR/First Aid training was not current, in violation of applicable law. Additionally, at that time 5 other children were

asleep in a room out of proximity of the caretaker, which was also a violation of County ordinance. In all likelihood, more children were sleeping in the bedroom away from the proximity of the caretaker when Ms. Brown made her inspection on 1/6/97.

22. The substitute, Cheryl Lavigne, was required to have an employment check for the previous 2 years, but none was on file. Cheryl Lavigne gave the County licensing agent a false social security number on her local criminal background check. However, on the inspection report dated 9/12/96, prepared by Maxine Brown, it stated that "operator/substitute file is complete." That file was not complete at that time and was never updated. Cheryl Lavigne should never have been authorized to work as a substitute daycare assistant. She was untrained, unprepared, and improperly present on the premises as a substitute assistant on January 29, 1997

23. The Schwartzberg facility was operated in Ms. Schwartzberg's garage. The Plantation City Code prohibits the use of garages for business. The diagram submitted by Ms. Schwartzberg to obtain her license did not note that a converted garage was being used as the daycare facility. Inspections of the premises by Ms. Brown before January 29, 1997 failed to reflect that violation.

24. In the January 6, 1997 inspection, Ms. Brown indicated that Cheryl Lavigne's CPR training was current. It was not. She never certified in CPR and never took the required childcare course. This omission alone directly contributed to the death of Jeremy Fiederholtz because Ms. Lavigne could not administer CPR herself and had to call 911.

25. If Maxine Brown had cited the Schwartzberg daycare facility on January

6, 1997, there would have been follow-up inspections and either the facility would have been closed by January 29, 1997, or the violations would have been corrected, or Mrs. Schwartzberg would have been required to notify prospective clients such as the Plaintiffs of the code violation citations and that the premises were potentially dangerous.

26. Defendant, BROWARD COUNTY, by and through its agents or employees, owed a duty to the public in general and to the Plaintiffs herein specifically, to properly investigate the conditions within County-licensed daycare facilities, pursuant to FS § 402.

27. Defendant, BROWARD COUNTY's, duty of care was breached by the negligent acts or omissions of its investigator, Maxine Brown, as aforesaid.

28. The negligent acts or omissions of Maxine Brown were within the scope of her employment with Defendant, BROWARD COUNTY.

29. At all times material, Defendant, BROWARD COUNTY, knew or should have known through the exercise of reasonable care, of the daycare violations at the Schwartzberg facility and failed to correct those conditions and/or failed to warn the Plaintiffs of those conditions.

30. Defendant's conduct, by and through its agents and employees, effected a waiver of its sovereign immunity under the Florida Tort Claims Act, in that the acts or omissions of this Defendant which proximately caused the death of Jeremy Fiedelholtz were operational activities not immune from suit.

31. As a direct and proximate result of the abovedescribed negligence, and the resulting death of JEREMY FIEDELHOLTZ, a minor, Plaintiffs, MARK FIEDELHOLTZ AND JULIE FIEDELHOLTZ, have suffered in the past and will continue

to suffer in the future the following damages:

a. Loss of support and services with interest;
b. Future loss of support and services of Jeremy Fiedelholtz;
c. Mental pain and suffering from January 29, 1997, as a result of the death of Jeremy Fiedelholtz;
d. Funeral and burial expenses.

WHEREFORE, Plaintiffs demand judgment against Defendant, BROWARD COUNTY, for damages, costs, and any other and further relief which the Court may deem appropriate, and demand trial by jury of all issues so triable as a matter of right.

COUNT IV
BROWARD COUNTY - NEGLIGENT RETENTION AND SUPERVISION

(Paragraphs 1 through 9 are realleged and reaverred as though fully set forth herein.)

32. Broward County Inspector, Maxine Brown, filed her inspection report of the Schwartzberg daycare facility showing that the total time taken for her inspection of the premises was 25 minutes.

33. All prior inspections of those facilities had taken at least an hour. The 25 minute inspection was inadequate for the inspector to fully assess the conditions existing in the facility at that time. Despite the inadequate time taken to conduct the inspection as reflected in her report, Ms. Brown was retained as a county employee and no supervisor required her to return to the premises to conduct a proper inspection.

34. Inspector Brown owed a duty to the public in general and to the Plaintiffs in particular to perform adequate, thorough and competent inspections of daycare facilities in Broward County.

35. If Inspector Brown had conducted an adequate inspection of the Schwartzberg Daycare Facility, it would have revealed various code violations that would

have resulted in citations that would have prevented the death of Jeremy Fiedelholtz 3 weeks later.

36. Broward County, by and through its agents and employees, failed to monitor Maxine Brown's inspection report of January 6, 1997; and/or failed to train and supervise Maxine Brown so that she would conduct adequate and thorough investigations of daycare facilities such as the premises where Jeremy Fiedelholtz died. The failure to adequately monitor and supervise Maxine Brown was within the scope of employment of the trainers and supervisors employed by Broward County for that purpose.

37. Defendant's conduct, by and through its agents and employees, effected a waiver of its sovereign immunity under the Florida Tort Claims Act, in that the acts or omissions of this Defendant which proximately caused the death of Jeremy Fiedelholtz were operational activities not immune from suit.

38. As a direct and proximate result of the negligent acts or omissions of Broward County's agents or employees as aforesaid, and the resulting death of JEREMY FIEDELHOLTZ, a minor, Plaintiffs, MARK FIEDELHOLTZ AND JULIE FIEDELHOLTZ, have suffered in the past and will continue to suffer in the future the following damages:

a. Loss of support and services with interest;
b. Future loss of support and services of Jeremy Fiedelholtz;
c. Mental pain and suffering from January 29, 1997, as a result of the death of Jeremy Fiedelholtz;
d. Funeral and burial expenses.

WHEREFORE, Plaintiffs demand judgment against Defendant, BROWARD COUNTY, for damages, costs, and any other and further relief which the Court may deem appropriate, and demand trial by jury of all issues so triable as a matter of right.

Dated this 15th day of JULY, 1998.

O'NEIL & KAHL
Attorneys for Plaintiff(s)
Ste. 702, Barnett Bank Tower
2929 E. Commercial Blvd.
Ft. Lauderdale, Fl. 33308
(954) 771-9501
Fla. Bar #188964

By: ______________________
MALCOLM H. KAHL, ESQ.

2

Upon entry to a safe deposit box, an inventory of the contents must be made in the presence of a bank officer, witnessed, and filed with the court

IN THE CIRCUIT COURT FOR Broward COUNTY, FLORIDA

IN RE: ESTATE OF

Jeremy Fiedelholtz

Deceased.

PROBATE DIVISION

File Number 97-6022

Division 43

97 SEP 19 PM 4:36

## LETTERS OF ADMINISTRATION
(multiple personal representatives)

TO ALL WHOM IT MAY CONCERN

WHEREAS, Jeremy Fiedelholtz, a resident of Broward County, Florida died on Jan. 30, 19 97, owning assets in the State of Florida, and

WHEREAS, Mark Fiedelholtz and Julie Fiedelholtz have been appointed personal representatives of the estate of the decedent and have performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned circuit judge, declare Mark Fiedelholtz and Julie Fiedelholtz to be duly qualified under the laws of the State of Florida to act as personal representatives of the estate of Jeremy Fiedelholtz, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

CLOSED WITHIN 12 MONTHS, IF NOT CONTESTED.

WITNESS my hand and the seal of this court this 17th day of September, 19 97

Circuit Judge

STATE OF FLORIDA
BROWARD COUNTY
I DO HEREBY CERTIFY the within and foregoing is a true and correct copy of the original as it appears on file in the office of the Circuit Court Clerk of Broward County, Florida, and I have set my hand and affixed the seal.
WITNESS my hand and official seal in Fort Lauderdale, Florida, this 22 day of Sept 19 97
Robert E. Lockwood, Clerk
Deputy Clerk

Form No. P-3.0710
Copyright by The Florida Bar 1991
January

THE LAW OFFICES OF
GREGORY E. MONALDI, P.A.

GREGORY E. MONALDI, ESQ.

LLOYD M. SOPPE
INVESTIGATOR

SOUTHPOINTE MEDICAL CENTER
SUITE 203
600 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA 33324
PHONE (954) 424-8000
FAX (954) 476-1254

July 23, 1997

Broward County Risk Management
115 South Andrews Avenue # 210
Fort Lauderdale, FL 33301-0000

RE: Our Client: Estate of Jeremy Fiedelholtz
Date Of Accident: 01/30/97
Our File Number: PI-97-00049

Dear Sir/Madam:

Please be advised that the undersigned represents the Estate of Jeremy Fiedelholtz with regard to physical and emotional injuries which his family sustained as a result of the negligence of Broward County through its agents and/or employees in creating a hazardous condition.

There exists no prior adjudicated unpaid claims on behalf of our client in excess of $200.00.

Jeremy Fiedelholtz was dropped off at day care by his mother, Julie on the morning of January 29, 1997. Mrs. Fiedelholtz was going to return two hours later to pick up her son. When she returned she found Jeremy lying face down in his crib in his own blood and vomit. During the time of the accident the supervisor of the daycare was out grocery shopping for approximately forty five minutes and thirteen babies were left in the hands of a single assistant. This assistant was never certified in CPR.

An inspector was at the house only three weeks prior to the accident and said the environment was safe and child oriented. But the inspector only saw the garage which kept only six children. On the date of Jeremy's death there were thirteen children found, five of whom were in room never inspected by the county.

On January 30th about approximately 4:17 p.m. Jeremy Fiedelholtz was declared brain dead and his father, Mark Fiedelholtz disconnected the respirator.

Exhibit "B"

As a proximte result of the negligence of the City of Broward County through its employees and/or agents, our clients have incurred but not limited to hospital bills, doctors bills, and funeral expenses.

Please acknowledge receipt of this letter and advise this office of your claim number and the individual in charge of this claim.

This letter is sent to your office pursuant to the requirements of Florida Statute Section 768.28(6)(c).

PLEASE GOVERN YOURSELF ACCORDINGLY.

Very truly yours,

GREGORY E. MONALDI, ESQ.
GEM:sb
CERTIFIED MAIL, RETURN RECEIPT REQUESTED: Z 421 523 342
cc: State of Florida
Department of Insurance
The Capitol
Tallahassee, FL 32399-0300

Z 421 523 342

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| | |
|---|---|
| Sent to Broward Risk Mgt. | |
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ Friedelhoffe |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form 3800, April 1995

Is your RETURN ADDRESS completed on the reverse side?

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:
Broward County Risk Mgt.
115 South Andrews Ave.
#210
Ft. Lauderdale Fl. 33301

4a. Article Number
Z 421 523 342

4b. Service Type
☐ Registered ☒ Certified
☐ Express Mail ☐ Insured
☒ Return Receipt for Merchandise ☐ COD

7. Date of Delivery

5. Received By: *(Print Name)*
GWEN DORCE

8. Addressee's Address *(Only if requested and fee is paid)*

6. Signature: *(Addressee or Agent)* [illegible] SUPERVISOR
X

PS Form **3811**, December 1994 102595-97-B-0179 Domestic Return Receipt

Thank you for using Return Receipt Service

98- 6880 CIV-HIGHSMITH

JS 44 (Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE JOHNSON

**I. (a) PLAINTIFFS**

MARK B. FIEDELHOLTZ and JULIE FIEDELHOLTZ, as co-personal representatives of the Estate of deceased minor, Jeremy Fiedelholtz

**DEFENDANTS**

GRACO CHILDREN'S PRODUCTS INC., a Delaware Corporation, and BROWARD COUNTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward (EXCEPT IN U.S. PLAINTIFF CASES)

B: Broward 0:98CV6880 SH LRJ

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Chester (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

FILED by D.C. INTAKE AUG 20 ... CARLOS JUENKE CLERK U.S. DIST. CT. S.D. OF FLA. • MIAMI

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Malcolm H. Kahl, Esq.
O'Neil & Kahl
Suite 702, Barnett Bank Tower
2929 E. Commercial Blvd., Ft. Lauderdale, FL 33308

ATTORNEYS (IF KNOWN)

F. Laurens Brock (FL Bar #299431)
CHAMBLISS, BAHNER & STOPHEL, P.C.
1000 Tallan Building
Chattanooga, TN 37402

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☒ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS - Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1332, 1441, 1446

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 — DEMAND $ — CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): IF ANY — JUDGE F. Laurens Brock, by [signature], w/ permission — DOCKET NUMBER ___

DATE 8/21/98 — SIGNATURE OF ATTORNEY OF RECORD F. Laurens Brock by [signature], w/ permission

FOR OFFICE USE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

697037 $150 08/25/98